UNITED STATES DISTRICT COURT
OF AND FOR MASSACHUSETTS

Michael E. Eller,　　　　　　　　　　　)
　　　　PETITIONER;　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　 )
　　v.　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　 )　　05-10740 DPW
Luis Spencer, Superintendent,　　　　  )
　　　　RESPONDENT;　　　　　　　　　　)

PETITION FOR WRIT OF HABEAS CORPUS

　　　Now Comes, Michael E. Eller,(Eller) petitioner in pro-se' petitioning this honorable court to grant federal review by and through an evidentiary hearing, to appraise the Constitutionality of his continued incarceration by the Respondent, Luis Spencer, (Spencer) at M.C.I. Norfolk Norfolk, Massachusetts, in violation of the Due Process Clause of the 14th. Amendment of the U.S. Constitution.

JURISDICTION

　　　This court has jurisdiction pursuant to, U.S. Const. Art. I §9 cl. 2, and codified under, 28 USC § 2254, and in the instant case, Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191-92. Herein the petitioner seeks exception to the exhaustion requirements of 28 USC § 2254 (b)(1), in so much as his claim is incumbent upon his inability to prosecute his appeals, thereby satisfying the exhaustion prerequisites of §2254, supra.

PROCEDURAL HISTORY (in relevant part)

1) On January 22, 2002, "Eller" was placed under arrest pursuant to the fruits of a challenged Search warrant served and executed at Chimney Mirror Motel Rt. 2, Williamstown, Mass.

2) On January 23, 2005, Eller was arraigned in North Berkshire District Court, North Adams, Mass.

Page 2

2a) After the arraignment another search warrant was issued and executed upon Eller's place of business, (Platinum Performance Music and Recording Studio) resulting in seizure/forfeiture of said business and an additional count of Possession of Cocaine.

3) On February 14, 2002 indictments were returned against Eller, for a total of 9 counts, 8 of which were directly resulting from the search warrants, these charges are as follows;

>     1. Trafficking in Cocaine (14-28 grams)
>     2. Possession of Cocaine, with intent to distribute
>     second offense.
>     3. Possession of Heroin, with intent to distribute
>     second offense.
>     4. Possession of a Firearm, having been previously
>     convicted of three violent crimes or drug offenses.
>     5. Possession of a Firearm in the Commission of a
>     Felony.
>     6. Possession of a large capacity Firearm.
>     7. Possession of Ammunition without a FID card.
>     8. Distribution of Cocaine-second offense.
>     9. Possession of Cocaine with intent to distribute
>     second offense.

4) On February 20, 2005, Eller was arraigned on all counts in the Berkshire Superior Criminal Court, Pittsfield, MA and ordered held on $250,000 cash or surety bail bond.

5) On November 6, 2002  A hearing was held on Defendant's Motion to Supress Evidence; a) four corners of the affidavits. b) probable cause nexus. c) probable cause no-knock, these were combined with an Evidentiary hearing (no-knock execution) under advisement. On the 25th. of Novemeber the Motions were denied. And later on 12/12/02 appealed. [Exhibit # 1]

6) On December 23, 2002) Court issued the Order for Transcript on the suppression hearing on 11-06-02 before (Ford J.) Certified copies mailed to counsel and the stenographer, Harriet Sears.

7) January 23, 2003, the S.J.C. issued a docket entry with order on Interlocutory appeal-DENIED (Cordy J.), filed.

8) February 25, 2003 a hearing was held to consider the sum of the defendant's Motions for Reconsideration of the Suppression decisions. All were DENIED (Ford J.) [Exhibit # 2]

9) On March 3, 2003 Jury waived trial began before (Curley J.).

10) March 6, 2003, Defendant's Motion for required finding on Not Guilty filed and denied except for count 6, Possession of large capacity weapon. (Curley J.)

10a) Final arguments heard and Findings of GUILTY on counts 1,2,3,4,6 and 8 above with Not Guilty to Count 9.

11) Defendant Eller arraigned on "second offense" portions of the above indictments, where defendant Eller retracts and pleads Guilty to second offender portions of counts 2,3,4, and 8 contingent upon outcome of Supression appeals decisions.

12) Eller sentenced as follows; Ct. 4=15-20 years, Ct. 1 = $7\frac{1}{2}$-10 years concurrently with Ct. 4 as to Ct.s 6 & 7=2 years house of Correction concurrently with all counts receiving 410 days credit served and various collateral penalties.

13) March 12, 2003 Notice of Appeal from the verdict filed. Certified to Counsel.

14) On March 18, 2003 ORDER FOR TRANSCRIPTS, entered (for 2-29-03 suppression hears and Trial/Sentencing) certified copy to counsel. Certified copy to Harriet Sears, stenographer.

15) Appellate Attorney Stewart Graham entered.

16) October 27, 2003 Att. Graham requests of the court the transcripts of the evidentiary hearing on the suppression held on November 6, 2002.

17) Docket Entries and supporting documents are in the Appendix herein attached.

### DUE PROCESS HAS BEEN DENIED BY SUBSTANTIAL RETARDATION OF THE APPEALS PROCESS

Where the defendant/petitioner Eller, has waited for over two and a half years for the Suppression hearing transcripts (since December 23, 2002) and since March 18, 2003 for the Trial transcripts, suffering oppressive incarceration, still aggressively pursuing a strongly meritorious Appeal. While delaying his Post-conviction collateral process, harboring a newly discovered exculpatory affidavit. He impatiently awaits the outcome of his direct appeal on the Constitutionally viable 4th. Amendment issues, and the higher standard of review offered by direct appeal, there is little doubt of profound prejudice.

Further, the anxiety which ferments in his life daily is exasperated by the state imposed collateral consequences, as the Commonwealth has settled by mutual agreement, litigation pertaining to the forfeited property unlawfully seized at petitioner's business, yet continues to retain said property incumbent upon the appeal process. Even presuming the transcripts became available immediately, the attorneys and court will require additional months if not years, of review and delay prior to hearing the contesting parties. Therein exists all the criteria required under, Barker v. Wingo, supra.

## PRAYER FOR RELIEF

Wherefore, the petitioner prays this court order immediate and appropriate relief to the above stated Constitutional violations:

1) That the Writ of Habeas corpus be issued and petitioner be returned to State superior court where all included indictments be withdrawn, quashed and dismissed.

2) That the Writ of Habeas corpus be issued and the petitioner be returned to state superior court where all indictments contingent upon the search warrants be withdrawn, quashed and dismissed.

3) That the State be notified of a specific period of time during which it shall release the petitioner, pending the outcome of the Appeals, failure to effect such release will activate issuance of the Writ.

4) Any such relief this court shall deem proper, equitable and fair.

## AFFIRMATION

I, Michael E. Eller, petitioner in pro-se' do now attest and affirm the aforegoing is true and factual under pain and penalty of perjury.

DATE: April 5, 2005             Signed: _/s/ Michael E. Eller_