UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL E. ELLER | ) |
| Petitioner, | ) |
| v. | ) |
| LUIS SPENCER, Superintendent, | ) |
| Respondent. | ) |

Civil Action No. 05-10740-DPW

## MEMORANDUM OF LAW IN SUPPORT OF
## RESPONDENT'S MOTION TO DISMISS PETITION
## FOR WRIT OF HABEAS CORPUS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the respondent, Luis

Spencer, respectfully submits this motion to dismiss the petition for writ of habeas corpus filed

by the petitioner, Michael E. Eller, on the grounds that the petition fails to state a claim upon

which relief may be granted.[1]  As grounds for this motion, and as set forth more fully herein, the

petition for a writ of habeas corpus may not be granted because the petitioner has failed to

exhaust the claims stated in his petition for a writ of habeas corpus, i.e., he has failed to present

his claims to the state's highest court before bringing them in federal court.  Specifically, the

petitioner never presented either the claims he now advances to the Massachusetts Supreme

Judicial Court ("the SJC").  Because the petitioner has not yet provided the state's highest court

with the first opportunity to pass on the merits of these claims, the petition should be dismissed.

---

[1] In the event that this Court declines to dismiss the petition on the grounds set forth in
this memorandum, the respondent reserved the right, and requests the opportunity, to address the
merits of the claim in this petition.

28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

## BACKGROUND

### Prior Proceedings

On February 20, 2002, the petitioner appeared in the Massachusetts Superior Court for Berkshire County to plead not guilty to charges of (1) violation of the statute prohibiting possession of a firearm by a person previously convicted with a violent crime/drug offense; (2) possession of a dangerous weapon with a large capacity and/or a feeding device without a valid license; (3) possession with intent to distribute of a Class A substance, second or subsequent offense; (4) trafficking in a controlled substance weighing 14-27 grams; (5) three separate counts of possession with intent to distribute of a Class B substance, second or subsequent offense; (6) possession of firearm without a valid identification card; and (7) use of a firearm in commission of a felony. *See* Docket Sheet for *Commonwealth v. Michael E. Eller*, Berkshire County Superior Court No. BECR2002-00028, attached hereto as Exhibit A (hereinafter, "Docket Sheet"), pp. 3, 9. On March 6, 2003, after a jury-waived trial before Justice Curley, the petitioner was found guilty of all of the charges against him other than one of the charges of distribution/manufacturing of a Class B substance, second or subsequent offense. *See id.,* pp. 7-9. The petitioner was sentenced to a term of years in the state prison.[2]

On March 12, 2003, the petitioner filed a notice of appeal of the verdict. *See* Docket Sheet, p. 8. On April 27, 2005, Notice of Assembly of the record was mailed to the Appeals Court. *See id.,* p. 9; *see also* Notice of Assembly of the Record, attached hereto as Exhibit B.

_____

[2] The details of the petitioner's sentence are not set forth here as they are not relevant to the respondent's argument on the issue of exhaustion.

2

The petitioner's appeal is now pending in the Massachusetts Appeals Court. *See* Appeals Court

of Massachusetts Case Docket Sheet for *Commonwealth v. Michael Eller*, 2005-P-0632, attached

hereto as Exhibit C.

## The Instant Federal Habeas Petition

The petitioner filed his habeas petition in this Court on or about April 8, 2005. In his

petition, the petitioner asserts that his constitutional rights had been violated by the failure of the

Commonwealth to provide him with the transcripts of his trial (and motion to suppress hearing)

so that he could proceed with his appeal.

## ARGUMENT

The instant habeas petition should be denied because the petitioner has failed to exhaust

his state court remedies.

## A.    Standard

It is well established that "a federal court should not consider questions posed in a habeas

petition until the 'power of the highest state court in respect to such questions' has been

exhausted." *Mele v. Fitchburg District Court,* 850 F.2d 817, 819 (1st Cir. 1988), *quoting United*

*States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925). *See also Rose v. Lundy,* 455 U.S. 509,

518-19 (1982); *Adelson v. DiPaola*, 131 F.3d 259, 261-62 (1st Cir. 1997); *Dougan v. Ponte*, 727

F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. § 2254(b)(1)(A). The longstanding exhaustion

requirement[3], in addition to ensuring that state courts have the first opportunity to correct their

_____

[3] The exhaustion requirement is codified at 28 U.S.C. §§ 2254(b) and (c), which preclude
federal habeas review unless "the applicant has exhausted the remedies available in the courts of
the State." 28 U.S.C. § 2254(b)(1)(A). *See also Mele v. Fitchburg Dist. Ct.*, 850 F.2d 817, 819
(1st Cir. 1988).

3

own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose*, 455 U.S. at 518. *See also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Ex parte Royall*, 117 U.S. 241, 251 (1886)(state and federal courts are "equally bound to guard and protect rights secured by the Constitution"); *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied*, 513 U.S. 1129 (1995); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1984); *Mele*, 850 F.2d at 819.

It is the petitioner's heavy burden to demonstrate that his any federal errors in the state court proceedings were fairly presented to the state's highest court. *Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st Cir. 1989). In order to present a claim sufficiently for exhaustion purposes, "a petitioner must inform the state court of *both* the factual and legal underpinnings of the claim." *Scarpa*, 38 F.3d at 6 (emphasis added). The theory that the petitioner advances in his habeas petition must be the same as that relied upon in his presentation to the highest state court. *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir. 1987).

Moreover, every claim in a federal habeas petition must have been exhausted. *Rose*, 455 U.S. at 518-19. If a petition is "mixed" -- that is, contains both exhausted and unexhausted claims, it must be dismissed. *Id.*

## B.    The Petitioner Cannot State an Actionable Claim for a Writ of Habeas Corpus, Since He Has Not First Presented His Claims to the Massachusetts Supreme Judicial Court.

The petitioner's petition must be dismissed because he has not presented the claims he now asserts before the SJC before bringing them to this federal court for review. The record is clear that the transcripts necessary for the state court appeal have been assembled and that Notice

4

of Assembly of the Record has been sent to the Appeals Court and to the petitioner, in

accordance with Massachusetts practice. *See* Exhibits B and C. The appeal has been entered in

the Massachusetts Appeals Court. *See* Exhibit C. The petitioner should, therefore, be required to

exhaust his claims in the Massachusetts Appeals Court and then in the SJC before he is permitted

to proceed on his habeas claim.[4] *See Mele*, 850 F.2d at 820. Until the petitioner has brought his

claims to the SJC and has thereby exhausted them, his is not entitled to habeas relief and his

petition must be dismissed. *See Martens v. Shannon,* 836 F.2d 715, 717 (1st Cir.

1988)("[F]ederal habeas oversight is not a freewheeling construct. It is dependent, among other

things, upon all the claims asserted in the petition having been exhausted in the state courts").

*See also Rose,* 455 U.S. at 510, 518-19; *Picard*, 404 U.S. at 275 ("It would be unseemly in our

dual system of government for a federal district court to upset a state court conviction without an

opportunity to the state courts to correct a constitutional violation")(quoting *Darr v. Buford,* 339

U.S. 200, 204 (1950)).

## CONCLUSION

For the foregoing reasons, the respondent respectfully requests that this Court dismiss this

habeas petition on the grounds that it contains unexhausted claims.

---

[4] Since the petitioner's claim is that he was being prevented from pursuing a state court appeal because he was not provided with the necessary transcripts, the preparation of the transcripts and assembly of the record has rendered his habeas claim moot. Moreover, any claimed violation of his constitutional rights may be pursued on appeal or on a habeas claim after his state court remedies have been exhausted.

5

Respectfully submitted,

LUIS SPENCER,

By his attorneys,

THOMAS F. REILLY
ATTORNEY GENERAL

_____
Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2857
BBO No. 634923

Dated: May 11, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2005, I caused a copy of the above document to be served by first-class mail, postage prepaid, upon the *pro se* petitioner, Michael E. Eller, MCI-Norfolk, P.O. Box 43, Norfolk, Massachusetts 02056.

_____
Maura D. McLaughlin

# EXHIBIT A

# Commonwealth of Massachusetts
## BERKSHIRE SUPERIOR COURT
## Case Summary
## Criminal Docket

## Commonwealth v Eller, Michael E

Details for Docket: BECR2002-00028

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | BECR2002-00028 | **Caption:** | Commonwealth v Eller, Michael E |
| **Entry Date:** | 02/14/2002 | **Case Status:** | Criminal 1- CtRm 1 |
| **Status Date:** | 03/12/2003 | **Session:** | Disposed (appeal pending |
| **Lead Case:** | NA | **Deadline Status:** | Deadline act |
| **Trial Deadline:** | 03/01/2002 | **Jury Trial:** | YES |

## Parties Involved

2 Parties Involved in Docket: BECR2002-00028

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Eller | **First Name:** | Michael E |
| **Address:** | 49 Arnold Place | **Address:** | |
| **City:** | North Adams | **State:** | MA |
| **Zip Code:** | 01247 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Commonwealth | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

## Attorneys Involved

4 Attorneys Involved for Docket: BECR2002-00028

| **Attorney Involved:** | | **Firm Name:** | MA146 |
|---|---|---|---|
| **Last Name:** | Sheldon | **First Name:** | Jill A |
| **Address:** | 139 North Street | **Address:** | Suite 202 |
| **City:** | Pittsfield | **State:** | MA |
| **Zip Code:** | 01201 | **Zip Ext:** | 5101 |
| **Telephone:** | 413-447-7342 | **Tel Ext:** | |
| **Fascimile:** | 413-443-9342 | **Representing:** | Eller, Michael E (Defendant) |

| **Attorney Involved:** | | **Firm Name:** | HEIS01 |
|---|---|---|---|
| **Last Name:** | Allen | **First Name:** | Bonnie G |
| **Address:** | 1145 Main Street | **Address:** | |
| **City:** | Springfield | **State:** | MA |
| **Zip Code:** | 01103 | **Zip Ext:** | |
| **Telephone:** | 413-734-0100 | **Tel Ext:** | |
| **Fascimile:** | 413-734-0180 | **Representing:** | Eller, Michael E (Defendant) |

| **Attorney Involved:** | | **Firm Name:** | BERK03 |
|---|---|---|---|
| **Last Name:** | Capeless | **First Name:** | David F |
| **Address:** | 7 North Street | **Address:** | PO Box 1969 |
| **City:** | Pittsfield | **State:** | MA |
| **Zip Code:** | 01202 | **Zip Ext:** | |
| **Telephone:** | 413-443-5951 | **Tel Ext:** | |
| **Fascimile:** | 413-499-6349 | **Representing:** | |

| **Attorney Involved:** | | **Firm Name:** | GRAH02 |
|---|---|---|---|
| **Last Name:** | Graham Jr | **First Name:** | Stewart T |
| **Address:** | 39 Burleigh Road | **Address:** | |
| **City:** | Hampden | **State:** | MA |
| **Zip Code:** | 01036 | **Zip Ext:** | |
| **Telephone:** | 413-781-4342 | **Tel Ext:** | |
| **Fascimile:** | 413-566-0163 | **Representing:** | Eller, Michael E (Defendant) |

## Calendar Events

10 Calendar Events for Docket: BECR2002-00028

| No. | Event Date: | Event Time: | Calendar Event: | SES: | Event Status: |
|-----|-------------|-------------|-----------------|------|---------------|
| 1 | 02/20/2002 | 14:00 | Arraignment | 1 | Event held as scheduled |
| 2 | 08/12/2002 | 14:00 | Hearing: Motion | 1 | Event held as scheduled |
| 3 | 08/12/2002 | 14:00 | Conference: Pre-Trial | 1 | Event held as scheduled |
| 4 | 09/30/2002 | 14:00 | Conference: Status Review | 1 | Event held as scheduled |
| 5 | 11/06/2002 | 14:00 | Hearing: Evidentiary-suppression | 1 | Event held as scheduled |
| 6 | 02/05/2003 | 14:00 | Hearing: Evidentiary-suppression | 1 | Event canceled not re-scheduled |
| 7 | 03/03/2003 | 09:00 | Hearing: Misc Matters | 1 | Event held as scheduled |
| 8 | 03/04/2003 | 09:00 | Hearing: Misc Matters | 1 | Event held as scheduled |
| 9 | 03/06/2003 | 09:00 | Hearing: Misc Matters | 1 | Event held as scheduled |
| 10 | 03/07/2003 | 09:00 | Hearing: Misc Matters | 1 | Event held as scheduled |

## Full Docket Entries

240 Docket Entries for Docket: BECR2002-00028

| Entry Date: | Paper No: | Docket Entry: |
|-------------|-----------|---------------|
| 02/14/2002 | 1 | Indictment returned |
| 02/15/2002 | 2 | Habeas corpus for Deft at Berkshire House of Correction (Pittsfield) |
| 02/15/2002 | 3 | Commonwealth files Petition For Writ Of Habeus Corpus Ad Defendum |
| 02/20/2002 | 4 | Committee for Public Counsel Services appointed Jill M Sheldon for |
| 02/20/2002 | 4 | the defendant, filed. |
| 02/20/2002 | 5 | Appearance of Deft's Atty: Jill M Sheldon for the defendant, filed. |
| 02/20/2002 | | RE Offense 1:Plea of not guilty -Defendant ordered to recognize in |
| 02/20/2002 | | the sum of $250,000.00 cash or surety, PTC date of 3/20/2002 (Ford, |
| 02/20/2002 | | J). Mittimus issued in hand to deputy sheriff. |
| 02/20/2002 | | RE Offense 2:Plea of not guilty |
| 02/20/2002 | | RE Offense 3:Plea of not guilty |
| 02/20/2002 | | RE Offense 4:Plea of not guilty |
| 02/20/2002 | | RE Offense 5:Plea of not guilty |
| 02/20/2002 | | RE Offense 6:Plea of not guilty |
| 02/20/2002 | | RE Offense 7:Plea of not guilty |
| 02/20/2002 | | RE Offense 8:Plea of not guilty |
| 02/20/2002 | | RE Offense 9:Plea of not guilty |
| 02/20/2002 | 6 | Defendant's Motion for Copy of Search Warrant and Return, filed. |
| 02/20/2002 | | Motion (P#6) allowed (Daniel A. Ford, Justice). Copies mailed |

| 02/20/2002 | | February 21, 2002 |
|---|---|---|
| 02/21/2002 | 7 | Mittimus for failure to recognize returned and filed |
| 02/25/2002 | 8 | Motion by Commonwealth: for Reciprocal Discovery, filed. |
| 02/25/2002 | 9 | Commonwealth files Certificate of Discovery, filed. |
| 03/07/2002 | 10 | Habe: returned w/service, filed. |
| 05/06/2002 | 11 | Withdrawal of appearance filed by Jill A. Sheldon, filed. |
| 05/06/2002 | 12 | Appearance of Deft's Atty: Bonnie G. Allen, filed. |
| 05/06/2002 | | Notice of Assignment of Counsel Bonnie G. Allen, filed. |
| 05/21/2002 | | Motion (P#11) Given that successor counsel has filed her appearance, |
| 05/21/2002 | | allowed (Thomas J. Curley, Jr., Justice). Copies mailed to counsel. |
| 06/27/2002 | 13 | Commonwealths Notice of Intent to Seek Forfeiture, filed. |
| 07/19/2002 | 14 | Motion For Reconsideration Of Bail (Bail set without prejudice by |
| 07/19/2002 | 14 | Ford, J. on February 20, 2002 be reconsidered ) |
| 07/19/2002 | 15 | Commonwealth files petition for Writ of Habeas Corpus to allow |
| 07/19/2002 | 15 | Michael Eller to be brought from the Berkshire House of Correction to |
| 07/19/2002 | 15 | the Berkshire Superior Court on August 12, 2002 @ 2:00PM |
| 08/12/2002 | 16 | Pre-trial conference report filed |
| 08/12/2002 | | After Reconsideration, bail to remain set at $250,000.00 cash or |
| 08/12/2002 | | surety, (Ford, J). |
| 09/19/2002 | | Habeas corpus for Deft at Berkshire County House of Correction issued |
| 09/19/2002 | | in hand to deputy sheriff. |
| 09/27/2002 | 17 | Defendant's motion to suppress, filed. |
| 09/27/2002 | 18 | Motion by Deft: for Criminal and Juvenile Records of Potential |
| 09/27/2002 | 18 | Witnesses, filed. |
| 09/27/2002 | 19 | Motion by Deft: for Discovery, filed. |
| 09/27/2002 | 20 | Motion by Deft: for Police Reports, Logs and Related Documents, filed. |
| 09/27/2002 | 21 | Motion by Deft: for Disclosure of Surveillance Information, filed. |
| 09/27/2002 | 22 | Motion by Deft: to Suppress Evidence with Affidavit of Counsel, filed. |
| 09/27/2002 | 23 | Deft files Memorandum in Support of Motion to Suppress Evidence, |
| 09/27/2002 | 23 | filed. |
| 09/30/2002 | 25 | Defendant's ex parte motion for funds for investigator and affidavit |
| 09/30/2002 | 25 | (impounded) filed and allowed, (Curley, J.). |
| 09/30/2002 | | Defendant's motion for criminal and juvenile records of potential |
| 09/30/2002 | | witnesses allowed, (Curley, J.). |
| 09/30/2002 | | Defendant's motion for discovery-see record, (Curley, J.). |
| 09/30/2002 | | Defendant's motion for police reports, logs and related documents-#1 |
| 09/30/2002 | | through 5 allowed by agreement; 6 & 7-allowed as to transactions to |
| 09/30/2002 | | be used against the defendant at trial in any way; 8-denied; |
| 09/30/2002 | | 9-allowed without objection, (Curley, J.). |
| 09/30/2002 | | Defendant's motion for disclosure of surveillance information |
| 09/30/2002 | | allowed, (Curley, J.). |

| 10/03/2002 | 24 | Habe: returned w/service |
| 10/08/2002 | | Notice of hearing sent on defendant's motion to suppress statements |
| 10/08/2002 | | and defendant's motion to suppress evidence for Wednesday, November |
| 10/08/2002 | | 6, 2002 at 2:00 p.m. to counsel. |
| 10/31/2002 | 26 | Defendant's Motion for Indigent Summons Pursuant to Mass. R. Crim. P. |
| 10/31/2002 | 26 | 17(b), filed. |
| 10/31/2002 | 27 | Defendant's Motion for Indigent Summons pursuant to Mass. R. Crim. P. |
| 10/31/2002 | 27 | 17(b), filed. |
| 10/31/2002 | 28 | Defendant's Motion for Protective Order from trial November 11, 2002 |
| 10/31/2002 | 28 | through November 29, 2002, with certificate of service, filed. |
| 11/01/2002 | | Motion (P#26) allowed (Thomas J.Curley, Jr, Justice). Copies mailed |
| 11/01/2002 | | November 01, 2002. Barbara Allen notified by telephone on November 1, |
| 11/01/2002 | | 2002; also faxed to Attorney Allen. |
| 11/01/2002 | | Motion (P#27) allowed (Thomas J.Curley,Jr., Justice). Copies mailed |
| 11/01/2002 | | November 01, 2002. Barbara Allen Esq. notified by telephone on |
| 11/01/2002 | | November 1, 2002; also faxed to Attorney Allen on November 1, 2002. |
| 11/04/2002 | 29 | Motion by Deft: to Remove Case from November Trial List with |
| 11/04/2002 | 29 | Certificate of Service, filed. |
| 11/06/2002 | | Hearing held on defendant's motion to suppress evidence-under |
| 11/06/2002 | | advisement, (Ford,J.). |
| 11/06/2002 | 30 | List of exhibits on motion to suppress filed. |
| 11/06/2002 | | Defendant's moton to suppress statement-except for the issue of |
| 11/06/2002 | | voluntariness, which may be raised at trial, this motion is waived in |
| 11/06/2002 | | open court in the presence of the defendant, (Ford,J.). |
| 11/13/2002 | 32 | Commonwealth's memorandum in opposition to defendant's motion to |
| 11/13/2002 | 32 | suppress filed. |
| 11/25/2002 | 31 | Memorandum of decision on defendant's motion to suppress evidence |
| 11/25/2002 | 31 | entered- motion DENIED, (Ford, J.). Copies to counsel on 11/27/02. |
| 12/12/2002 | 33 | Defendant's Notice of Appeal from decision of the Court entered on |
| 12/12/2002 | 33 | November 25, 2002 denying Motion to Suppress, filed. |
| 12/23/2002 | 34 | Defendant's Motion for protective order from trial January 6, 2003 |
| 12/23/2002 | 34 | through January 31, 2003, with certificate of service, filed. |
| 12/23/2002 | 35 | Defendant's Motion to reconsider ruling on Motion to Suppress |
| 12/23/2002 | 35 | Evidence Seized at Defendant's Recording Studio, filed. |
| 12/23/2002 | 36 | Affidavit of counsel in support of Motion to reconsider ruling on |
| 12/23/2002 | 36 | Motion to suppress evidence seized at defendant's recording studio, |
| 12/23/2002 | 36 | filed. |
| 12/23/2002 | 37 | Defendant's Motion to Suppress Fruits of Warrantless Entry and search |
| 12/23/2002 | 37 | of Defendant's Workplace, filed. |
| 12/23/2002 | 38 | Affidavit of the defendant, filed. |
| 12/23/2002 | 39 | ORDER for Transcript, (Motion to suppress hearing of 11/6/02 before |

| | | |
|---|---|---|
| 12/23/2002 | 39 | (Ford, J)), entered. Certified copy mailed to counsel; Certified copy |
| 12/23/2002 | 39 | in hand to Stenographer, Harriet Sears. |
| 01/15/2003 | | Case on for status today-defendant not present; a hearing will be |
| 01/15/2003 | | held on defendant's motion to suppress evidence on Wednesday, |
| 01/15/2003 | | February 5, 2003 at 2:00 P.M. |
| 01/23/2003 | 40 | Notice of Docket Entry from the Supreme Judicial Court with Order: |
| 01/23/2003 | 40 | Interlocutory appeal DENIED (Cordy, J)., filed. |
| 02/07/2003 | | Transcript of testimony received Vol. #1 (Motion to Suppress Evidence |
| 02/07/2003 | | hearing held 11/6/02) from court reporter, Sears, Harriet E. |
| 02/18/2003 | 43 | Affidavit of Michael Eller filed. |
| 02/19/2003 | | Hearing held before (Ford, J.), on defendant's motion to reconsider |
| 02/19/2003 | | ruling on motion to suppress evidence. under advisement. |
| 02/20/2003 | 41 | Commonwealths Motion for protective order from trial during the |
| 02/20/2003 | 41 | period of March 14 through March 23, 2003, with certificate of |
| 02/20/2003 | 41 | service, filed. |
| 02/24/2003 | 42 | Defendant's motion to reconsider ruling on defendant's motion to |
| 02/24/2003 | 42 | suppress and memorandum |
| 02/24/2003 | 44 | Commonwealth's supplemental memorandum in opposition to the |
| 02/24/2003 | 44 | defendant's motion to suppress evidence filed. |
| 02/25/2003 | 45 | Memorandum of decision on defendant's motion to reconsider ruling on |
| 02/25/2003 | 45 | motion to suppress evidence entered, (Ford,J.). Copies certified to |
| 02/25/2003 | 45 | counsel. |
| 02/25/2003 | | Defendant's motion to reconsider ruling on motion to suppress |
| 02/25/2003 | | evidence seized at defendant's recording studio (paper #35) denied, |
| 02/25/2003 | | see Memorandum of Decision entered, (Ford,J.). |
| 02/25/2003 | | Defendant's motion to suppress fruits of warrantless entry and search |
| 02/25/2003 | | of defendant's workplace (paper #37)-no action necessary-see |
| 02/25/2003 | | Memorandum of Decision on defendant's motion for reconsideration, |
| 02/25/2003 | | (Ford,J.). |
| 02/25/2003 | | Defendant's motion to reconsider ruling on defendant's motion to |
| 02/25/2003 | | suppress (paper #42) denied-see Memorandum of Decision on defendant's |
| 02/25/2003 | | first motion for reconsideration, (Ford,J.). |
| 03/03/2003 | 46 | Defendant's motion for appointment of counsel filed and allowed, |
| 03/03/2003 | 46 | (Curley, J.). |
| 03/03/2003 | 47 | Notice of assignment of counsel filed. |
| 03/03/2003 | | Defendant sworn. Colloquy held regarding defendant's waiver of trial |
| 03/03/2003 | | by jury before (Curley, J.). |
| 03/03/2003 | 48 | Waiver of trial by jury filed and approved (Curley, J.). |
| 03/03/2003 | 49 | Defendant's motion to sequester witnesses filed and allowd, (Curley, |
| 03/03/2003 | 49 | J.). |
| 03/03/2003 | 50 | Defendant's motion in limine to exclude prior and subsequent bad acts |

| 03/03/2003 | 50 | and statements of the defendant filed. After hearing-Peter Cardinal |
| 03/03/2003 | 50 | testimony in; James Cieslik testimony out; Therese Cardinal testimony |
| 03/03/2003 | 50 | in if based upon her observations (Curley, J.). |
| 03/03/2003 | 51 | Defendant's list of potential witnesses filed. |
| 03/03/2003 | 52 | Commonwealth's list of potential witnesses filed. |
| 03/03/2003 |  | As to indictment no. 2002-028-6-Comm. is proceeding as alleged |
| 03/03/2003 |  | Unlawful possession of a firearm, Ch. 269, sec. 10(h). |
| 03/03/2003 |  | Jury waived trial commenced before (Curley, J.). Comm. makes opening. |
| 03/04/2003 |  | Jury waived trial continued before (Curley, J.). (trial did not go |
| 03/04/2003 |  | forward on 3/5/03) |
| 03/06/2003 |  | Jury waived trial continued before (Curley, J.). Commonwealth rests. |
| 03/06/2003 | 53 | Defendant's motion for required finding of not guilty filed. Allowed |
| 03/06/2003 | 53 | as to "large capacity" aspect of count 6, otherwise denied, (Curley, |
| 03/06/2003 | 53 | J.). |
| 03/06/2003 | 54 | Memorandum of law in support of motion for required finding of not |
| 03/06/2003 | 54 | guilty as to possession with intent to distribute cocaine in the |
| 03/06/2003 | 54 | studio filed. |
| 03/06/2003 |  | Defendant rests. |
| 03/06/2003 |  | Final arguments heard. |
| 03/06/2003 | 55 | Finding of guilty as to no. 2002-028-1 entered, (Curley, J.). Bail |
| 03/06/2003 | 55 | revoked. |
| 03/06/2003 | 56 | Finding of guilty of Possession of Cocaine with intent to distribute |
| 03/06/2003 | 56 | as to no. 2002-028-2 entered, (Curley, J.). |
| 03/06/2003 | 57 | Finding of guilty of Possession of Heroin with intent to distribute |
| 03/06/2003 | 57 | as to no. 2002-028-3 entered, (Curley, J.). |
| 03/06/2003 | 58 | Finding of guilty of Illegal Possession of a firearm Ch. 269, sec. |
| 03/06/2003 | 58 | 10(h) as to no. 2002-028-4 entered, (Curley, J.). |
| 03/06/2003 | 59 | Finding of guilty as to no. 2002-028-5 entered, (Curley,J.). |
| 03/06/2003 | 60 | Finding of guilty of Unlawful possession of a firearm Ch. 269, sec. |
| 03/06/2003 | 60 | 10(h) as to no. 2002-028-6 entered, (Curley,J .). |
| 03/06/2003 | 61 | Finding of guilty as to no. 2002-028-7 entered, (Curley, J.). |
| 03/06/2003 | 62 | Finding of guilty of Distribution of Cocaine as to no. 2002-028-8 |
| 03/06/2003 | 62 | entered, (Curley,J.). |
| 03/06/2003 | 63 | Finding of not guilty of Possession of Cocaine with intent to |
| 03/06/2003 | 63 | distribute as to no. 2002-028-9 entered, (Curley, J.). |
| 03/06/2003 | 64 | List of exhibits filed. |
| 03/06/2003 |  | RE Offense 1:Guilty finding |
| 03/06/2003 |  | RE Offense 2:Guilty finding |
| 03/06/2003 |  | RE Offense 3:Guilty finding |
| 03/06/2003 |  | RE Offense 4:Guilty finding |
| 03/06/2003 |  | RE Offense 5:Guilty finding |

| Date | No. | Entry |
|------|-----|-------|
| 03/06/2003 | | RE Offense 6:Guilty finding |
| 03/06/2003 | | RE Offense 7:Guilty finding |
| 03/06/2003 | | RE Offense 8:Guilty finding |
| 03/06/2003 | | RE Offense 9:Not guilty finding |
| 03/07/2003 | | Defendant arraigned as to second offense portions of nos. 2002-028-2, |
| 03/07/2003 | | -3, -4 and -8 and entered not guilty pleas. |
| 03/07/2003 | | Defendant retracts and pleads guilty to second offense portions of |
| 03/07/2003 | | nos. 2002-028-2, -3, -4 and -8; pleas accepted, (Curley, J.). |
| 03/07/2003 | | Sentences imposed: As to no. 2002-028-4: 15 to 20 years, M.C.I. Cedar |
| 03/07/2003 | | Junction with credit of 410 days, deft. assessed $90.00 v/w fee and |
| 03/07/2003 | | $150.00 drug assessment fee; as to nos. 2002-028-1, -2, -3 & -8: 7 |
| 03/07/2003 | | 1/2 to 10 years M.C.I. Cedar Junction with credit of 410 days to be |
| 03/07/2003 | | served concurrently with the sentence imposed on no. 2002-028-4; as |
| 03/07/2003 | | to no. 2002-028-5: 7 1/2 to 10 years M.C.I. Cedar Junction, with |
| 03/07/2003 | | credit of 410 days to be served from and after the sentence on no. |
| 03/07/2003 | | 2002-028-1 and to be served concurrently with the sentence on no. |
| 03/07/2003 | | 2002-028-4; as to nos. 2002-028-6 & -7: 2 years House of Correction |
| 03/07/2003 | | with credit of 410 days to be served concurrently with the sentence |
| 03/07/2003 | | imposed on no. 2002-028-4 (Curley, J.). Deft. advised of appellate |
| 03/07/2003 | | rights. |
| 03/07/2003 | | Mittimus issued on indictment #02-028-4 in hand to deputy sheriff. |
| 03/12/2003 | 65 | Defendant's Notice of Appeal from the verdict, filed. Certified copy |
| 03/12/2003 | 65 | to counsel. |
| 03/12/2003 | 66 | Defendant's Counsel, Barbara Allen's Motion to withdraw appearance, |
| 03/12/2003 | 66 | filed. |
| 03/12/2003 | 67 | Defendant's Counsels Motion to Appoint Appellate Counsel, filed. |
| 03/17/2003 | | Letter with five (5) original mittimuses issued by mail to MCI Cedar |
| 03/17/2003 | | Junction, Attn: Records Department. |
| 03/17/2003 | | Abstract sent to RMV |
| 03/18/2003 | | Letter with partial completed Notice of Assignment of Counsel Form |
| 03/18/2003 | | for purpose of having counsel assigned for appeal mailed to Denise |
| 03/18/2003 | | Simonini @ CPCS in Boston. |
| 03/18/2003 | 68 | ORDER for Transcript, entered. (Motion to Suppress hearing on 2/19/03 |
| 03/18/2003 | 68 | and Trial/Sentencing). Certified copy to counsel. Certified copy to |
| 03/18/2003 | 68 | Harriet Sears, Stenographer. |
| 03/18/2003 | | Motion (P#67) allowed (Thomas J. Curley, Jr., Justice). Copies mailed |
| 03/18/2003 | | March 18, 2003 |
| 03/24/2003 | 69 | Appointment of Counsel Stewart Graham for Appeal purposes, filed. |
| 06/12/2003 | | General correspondence regarding Michael Eller mailed to M.C.I. |
| 06/12/2003 | | Concord on 6/12/03. |
| 08/12/2003 | 70 | Mittimus returned with service as to No. 02-028-4, filed. |

| 08/12/2003 | 71 | Mittimus not recog. returned with service, filed. |
| 09/19/2003 | 72 | Appearance of Deft's Atty: Stewart T. Graham, Jr., filed. |
| 10/27/2003 | | Correspondance from Attorney Stewart T. Graham, Jr. requesting trial |
| 10/27/2003 | | transcript copy of evidentiary hearing on motion to suppress held on |
| 10/27/2003 | | November 6, 2002, received. |
| 11/06/2003 | 73 | Mittimus as to No. 02-028-1 returned with service, filed. |
| 11/06/2003 | 74 | Mittimus as to No. 02-028-2 returned with service, filed. |
| 11/06/2003 | 75 | Mittimus as to No. 02-028-3 returned with service, filed. |
| 11/06/2003 | 76 | Mittimus as to No. 02-028-5 returned with service, filed. |
| 11/06/2003 | 77 | Mittimus as to No. 02-028-8 returned with service, filed. |
| 04/07/2005 | | Transcript of testimony received Vol. #1 (2/19/03-Motion to |
| 04/07/2005 | | Suppress); Vols. 1 thru 4 (3/3, 3/4, 3/6 and 3/7/03-Trial |
| 04/07/2005 | | Transcripts) from court reporter, Sears, Harriet E. |
| 04/27/2005 | 78 | Notice of assembly of record; mailed to Appeals Court per Rule 9(d) |
| 05/05/2005 | 79 | General correspondence regarding Notice of entry notice this case was |
| 05/05/2005 | 79 | entered in the appeals court. |

## Charges

9 Charges for Docket: BECR2002-00028

| No. | Charge Description: | Indictment: | Status: |
|-----|---------------------|-------------|---------|
| 1 | Violation sec 10 by person prev convicted w/violent crime/drug off | | Guilty finding |
| 2 | Dang weapon, possess lg cap weapon/feeding device w/o valid licns | | Guilty finding |
| 3 | Class A substnc, distrib/manufac, 2nd/subsqnt offense | | Guilty finding |
| 4 | Traffic in controlled substance, 14-27g | | Guilty finding |
| 5 | Class B Substance, distrib/manufact 2nd/subsqnt offense | | Guilty finding |
| 6 | Dang weapon, possess/transfr gun/ammo, no ID card | | Guilty finding |
| 7 | Class B Substance, distrib/manufact 2nd/subsqnt offense | | Guilty finding |
| 8 | Class B Substance, distrib/manufact 2nd/subsqnt offense | | Not guilty finc |
| 9 | Felony, firearm | | Guilty finding |

© Copyright, Massachusetts Administrative Office of the Trial Court, 2000 - 2001.

# EXHIBIT B

## COMMONWEALTH OF MASSACHUSETTS
## COUNTY OF BERKSHIRE
## THE SUPERIOR COURT

### NOTICE OF THE ASSEMBLY OF THE RECORD
APPEAL COVER SHEET

Docket No: CR #02-028

Case Name: COMMONWEALTH VS. MICHAEL ELLER

### APPEARANCES

Plaintiff(s) Attorney
Address and Telephone
David F. Capeless, D.A.
Berkshire County District
Attorney's Office
7 North St., P.O. Box 1969
Pittsfield, MA 01202
Tel. (413) 443-5951

Defendant(s) Attorney
Address and Telephone
Stewart T.Graham,Jr.,Esq.
Graham & Graham
39 Burleigh Road
Hampden, MA 01036
Tel.(413) 781-4342

Nature of the Case: Indictment #02-028-1 charging: Trafficking in
Cocaine (Ch.94C,sec.32E(b)(1));Indictment
#02-028-2 charging: Possession of Cocaine
with Intent to Distribute-Second Offense
(Ch.94C,sec.32A(d));Indictment #02-028-3
charging: Possession of Heroin with Intent to
Distribute-Second Offense (Ch.94C,sec.32(b));
Indictment #02-028-4 charging: Violation of
General Laws, Chapter 269,Section 10 by a
Person Having Been Previously Convicted of
Three Violent Crimes or Serious Drug Offenses
Ch.269,sec.10G(c)); Indictment #02-028-5
charging: Possession of a Firearm in the
Commission of a Felony (Ch.265,sec.18B);
Indictment #02-028-6 charging: Unlawful
Possession of a Large Capacity Firearm (Ch.
269,sec.10m);Indictment #02-028-7 charging:
Illegal Possession of Ammunition Without a
FID Card (Ch.269,sec.10(h));Indictment
#02-028-8 charging: Distribution of Cocaine-
Second Offense (Ch.94C,sec.32A(d));Indictment
#02-028-9 charging:Possession of Cocaine with
Intent to Distribute-Second Offense (Ch.94C,
sec.32A(d)).





Trial Court Entry Date: 02/14/02

Date of Claim of Appeal: 03/12/03

Appeal by: Defendant

Date Transcript Ordered: 12/23/02 - Motion to Suppress on 11/6/02
                         03/18/03 - Motion to Suppress on 2/19/03
                         03/18/03 - Trial/Sentencing

Transcript prepared: (yes) - no
Number of volumes:  Motion to Suppress Evidence - 1 Volume
                    Motion to Suppress Evidence - 1 Volume
                    Trial/Sentencing - 4 Volumes

Decision: Guilty Finding as to Indictment Nos. 02-028-1 thru 8.
          Not Guilty Finding as to Indictment No. 02-028-9.
          Defendant plead Guilty as to second offense portions of
          Indictment #'s: 02-028-2, 3, 4 and 8.

Date: 04/27/04                                      *Maure Stpd*
                                                Clerk of Court

Effective date: 7/1/04

# EXHIBIT C

# Supreme Judicial Court and Appeals Court of Massachusetts
## Public Case Information

⌐ Home

∇ Case Search
  Docket Number
  **Involved Party**
  Attorney Appearance
  Lower Court
  Lower Court Judge

⌐ Court Calendars

⌐ Help & Site Info

⌐ Helpful Links

⌐ Privacy Policy

Bottom >

## APPEALS COURT
### Panel Cases
### Case Docket

**COMMONWEALTH vs. MICHAEL ELLER**
2005-P-0632

### CASE HEADER

| | | | |
|---|---|---|---|
| **Case Status** | No briefs yet | **Status Date** | 05/02/2005 |
| **Nature** | CRIMINAL | **Entry Date** | 05/02/2005 |
| **Sub-Nature** | csa traff cls b Cocaine, etal | **SJ Number** | |
| **Appellant** | Defendant | **Case Type** | Criminal |
| **Brief Status** | Awaiting blue brief | **Brief Due** | 06/13/2005 |
| **Panel** | | **Argued/Submitted** | |
| **Citation** | | **Decision Date** | |
| **Lower Court** | Berkshire Superior Court | **TC Number** | |
| **Lower Ct Judge** | Thomas J. Curley, Jr., J. | **TC Entry Date** | 02/14/2002 |

| **INVOLVED PARTY** | **ATTORNEY APPEARANCE** |
|---|---|
| **Commonwealth** Plaintiff/Appellee Awaiting red brief | Joseph A. Pieropan, A.D.A. |
| **Michael Eller** Defendant/Appellant Awaiting blue brief | Stewart T. Graham, Jr., Esquire |

### DOCKET ENTRIES

| Entry Date | Paper | Entry Text |
|---|---|---|
| 05/02/2005 | | Transcripts received: vols: 6; sets: 2 in Clerk's envelope. |
| 05/02/2005 | #1 | Entered. |
| 05/02/2005 | | Notice of entry sent. |

< Top

As of 05/04/2005 01:0:

© 2001 PSI

(2005-05-10 10:43:11)