Michael E. Eller
MCI Norfolk / P.O. Box 43
Norfolk, MA 02056-0043
PETITIONER, in pro-se'

FILED
CLERKS OFFICE

2005 MAY 19  P 1: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL E. ELLER,                    )        CIVIL DOCKET NO. 05-10740-DPW
            PETITIONER;              )
                                     )        PETITIONER'S TRAVERSE TO ANSWER
        V                            )
                                     )
LUIS SPENCER,                        )
            RESPONDENT;              )
                                     )

PETITIONER'S TRAVERSE TO ANSWER

Comes now, Michael E. Eller, petitioner in pro-se', and contests the
answer of the respondent while concurring without objection to ¶ 2 (
Background Prior Proceedings) and ¶ 3 (The instant Federal Habeas Petition)
and in support of those issues of contest the Petitioner asserts as follows;

I

In Respondents Motion to Dismiss, the respondent relies on Fed.R.Civ.P.
Rule 12(b)(6), "Failure to state a claim upon which relief may be granted."
Yet his/her argument appears to rely upon Rule 12(b)(2) supra, "Lack of
jurisdiction over the person." In asserting erroneously that Petitioner
was compelled to State exhaustion of claims. Herein petitioner would rely
upon the authority of, Cameron v. Lefevre, 887 F.Supp. 425 (E.D.N.Y. 1995)
and it's interpretation of Title 28 U.S.C §2254(b),

> [T]he habeas statute further provides that exhaustion
> of state remedies is not necessary if "there is either
> an absence of available state corrective processes
> or the existence of such process ineffective to protect
> the rights of the prisoner." see; Mathis v. Hood,
> 851 F2d. 612, 614 (2nd. Cir. 1988).

In arguendo, if the respondent would answer that the issue of Failure
to state a claim, petitioner would cite, Cameron v. Lefevre, supra once

more citing Due Process and Equal Protections provisions of the 14th.
Amendment;

> "Although there is no due process right to an appeal,
> when a state does provide for an appeal, that appeal
> must accord with due process..." Simmons, 898 F2d.
> at 868; see Evitts v Lucey, 469 U.S. 387, 393-94,
> 105 S.Ct. 830, 834-35 (1985).

Support continues for the claim of action where in, Elcock v. Henderson,
947 F.2d 1004, 1007 (2nd. Cir.1991) "'[T]his necessarily requires "that
an appeal be heard promptly.'"(Elcock I) (quoting Mathis v Hood, 937 F.2d
790, 794 (2nd. Cir. 1991) ("Mathis II"); see also Cody v. Henderson, 936
F.2d. 715, 719 (2nd. Cir, 1991) all contingent upon and pursuant to the
USSC's decision in Barker v Wingo, 407 U.S. 514, 530-33, 92 S.Ct. 2182,
2191-93, 33 L.Ed.2d. 101 (1972).

Respondent's claim is not viable for the contingents raised above.
Beyond those legal issues there is the statutory provisions of state
exhaustion at the lower courts. should that the petitioner remove the case
from the jurisdiction of the State Appeals Court to either the lower court
in first instance to seek remedy to the Court reporter or Appellate bail
while awaiting the transcripts, or as the respondent has suggested to the
SJC for relief, he would abort the jurisdiction of the appeals court thereby
giving credence to the assertion that any prejudice was self-imposed.

> "When the petitioner can substantiate his complaint
> that his right to appeal is being violated by
> inattention and time consuming procedures, to require
> one more technical step would be to tolerate the
> frustration of the petitioner's due process rights."
> U.S. v. Ex Rel. Hawkins, 582 F.Supp at 182

Petitioner contends this court has jurisdiction, both personal and subject matter as supported above and de minumus should issue forth a conditional writ as requested in his relief.

## II

Granting that respondents did not directly answer to the issue of mootness, respondent did assert such in "Footnote 4" (page 5) of his Memorandum in Support of Respondent's Motion to Dismiss Petition for Habeas Corpus, therefore the petitioner will respond to this allegation as follows;

> "[D[ue process can be denied by any substantial retardation of the appellate process, including an excessive delay in the furnishing of a transcription of testimony necessary for the completion of an appellate record." Rheuark v Shaw, 628 F.2d 297, 302 (5th Cir. 1980) see also United States v Bermea, 30 F. 3d 1539, 1568 (5th. Cir. 1994).

Petitioner would respond that providing the transcripts at this late date simply begins the lengthy process of direct appeal and estimates of an additional two years until appellate decision, is very conservative. But even at the additional two years, the unconstitutional incarceration of the petitioner will thus be continually magnified as a result of the transcription delay.

## III

### INCORPORATION BY REFERENCE

Petitioner incorporates in reference the Petition for writ of Habeas Corpus, along with all supporting documents previously filed as well as points and authorities in support of Traverse, which is submitted contemporaneously.

IV

PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth herein and in the documents incorporated by Traverse, Petitioner respectfully requests that the court:

(1) Grant an Evidentiary Hearing and appoint counsel for the petitioner.

(2) Grant relief as requested in the Petitioner's Writ of Habeas Corpus.

(3) Appoint counsel for Petitioner.

(4) Grant issuance of a conditional writ, contingent upon the interim release pending the final resolution of the appeal.

(5) grant all other appropriate relief.

UNDER PENALTY OF PERJURY

DATE: 5-17-05

MICHAEL E. ELLER

CERTIFICATE OF SERVICE

I, Michael E. Eller, do now certify that on this 17th. day of May, 2005
I did cause to be served upon the Office of the Attorney General, at the
below address, attention Maura D. McLaughlin, AAG, by manner of first class
mail postage pre-paid on this day.

       Office of the Attorney General

       Criminal Department

       One Ashburton Place, 18th. & 19th. Floors

       Boston, MA 02108

SO CERTIFIED: _____

       Michael E. Eller, pro-se'