Michael E. Eller
MCI Norfolk / P.O. Box 43
Norfolk, MA 02056-0043

Petitioner, in pro-se'

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL E. ELLER,<br>    Petitioner; | CIVIL ACTION NO. 05-10740-DPW |
| V. | |
| LUIS SPENCER,<br>SUPERINTENDENT<br>    Respondent; | |

APPLICATION FOR CERTIFICATE OF APPEALABILITY
FROM DISTRICT COURT

TO: Hon. Douglas P. Woodlock, U.S. District Judge.

INTRODUCTION

Petitioner, Michael E. Eller, appearing in pro per, hereby requests from this court to issue a Certificate of Appealability, pursuant to, 28 USC § 2253, Rule 22 FRAP and local Rule 22-1, thus permitting petitioner to appeal from judgment entered by this court on June 1, 2005, dismissing with prejudice the petition for Writ of Habeas Corpus in the above entitled matter. Concurrently with this application, Petitioner has filed a timely Notice of Appeal.

ISSUES ON WHICH CERTIFICATE OF APPEAL IS SOUGHT

1) Where this court has ordered dismissal for Petitioner's failure to ...[e]xhaust the merits of his claims-- including any claim he may have from the delay in the processing of his appeal" see Hill v Reynolds, 942 F.2d 1494 (10th. Cir. 1991) and the District

Courts in, Geames v Henderson, 725 F. Supp 681 (E.D.N.Y. 1989) and U.S. EX REL. GREEN V Washington, 917 F. Supp 1238 (N.D. ILL. 1996); all of which address the excusing of the exhaustion procedural requirements specifically. Therefore, there is little need in this forum to re-state or develop grounds under Cause & Prejudice.

2) The second contention raised by the court apparently revolved around "prejudice" as concerns the delay to date and future delay awaiting resolution of the Commonwealth's Appeals Court decision, insomuch as the court expressed a sense of mootness concerning the petitioner's claim because at this late hour the Commonwealth has delivered the trial transcripts. The petitioner herein will address the subject of his being prejudiced by the ongoing delay. It was this court in 1995 which decided, LeBlanc v. Grelotti, 910 F. Supp. 826 (D. Mass. 1995) and in doing so considered the basis of a colorable claim on appeal, applying Harris v Champion, 15 F.3d 1538 (10th. Cir. 1994). In the case at bar, the petitioner asserted his appeal was colorable. Secondly, the petitioner raised the suspension of his resolution and compensation to the negotiated settlement of his Civil forfeiture case. And finally in, Doggett v United States, 505 U.S. 647, 112 S.CT. 2686 (1992) the Supreme Court held that in the context to a six year delay prejudice need not be proven, to date the petitioner has waited almost half of that and final resolution of such complex issued may stretch the time in appeal to the limit.

## STANDARD FOR ISSUANCE OF COA

In the U.S. Supreme Court decision in Miller-El v Cockrell, 537 U.S. 322, 123 S. Ct. 1029 (2003), the Court clarified the standards for issuance of a COA

> ...A prisoner seeking a COA need only demonstrate a "substantial showing of a denial of a constitutional right". A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the District Court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.

Id. 123 S.Ct. at 1034, citing Slack v McDaniel, 529 U.S. 473, 484 (2000). Reduced to it's essentials, the test is met where the petitioner makes a showing that "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further". Id. at 1039, citing Barefoot v Estelle, 463 U.S. 880 (1983). In conclusion, the petitioner contends that the issues and constitutional claims presented are colorable and the court's resolution was "debatable".

Based upon the foregoing, Petitioner respectfully submits that the District Court's findings are subject to debate among jurists of reason, and consequently, that a COA should be granted in full.

Dated; 7 day of June, 2005

*Michael E. Eller*

Michael E. Eller

Petitioner, pro-se

## CERTIFICATE OF SERVICE

I hereby certify that on June 7th, 2005, I caused a copy of NOTICE OF APPEAL, and C.O.A to be served by first-class mail, postage prepaid, upon the Attorney General, Assistant Attorney General Maura D. Mc Laughlin, One ashburton Place Boston, MA. 02108.

*[signature]*
Michael E Eller. Pro-se

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL E. ELLER,           )
     Petitioner,            ) CIVIL ACTION NO.
                            ) 05-10740-DPW
     v.                     )
                            )
LUIS SPENCER, SUPERINTENDENT,)
     Respondent.            )


MEMORANDUM AND ORDER
June 1, 2005


The petitioner is this state habeas corpus proceeding under 28 U.S.C. § 2254 claims that his appeal in the state court has been delayed by the failure to prepare transcripts of his suppression hearing and trial in an expeditious manner. After the filing of the petition in this court, the state Superior Court entered a Notice of the Assembly of the Record, including the transcripts, for his state appeals. His appeal has now been docketed in the Massachusetts Appeals Court.

Under the circumstances, I find no reason to relieve the petitioner of his statutory obligation to exhaust the merits of his claims--including any claim he may have from the delay in the processing of his appeal--before proceeding in this court. See generally 28 U.S.C. § 2254 (b) & (c). The law in this Circuit is long standing and well settled that federal courts should avoid taking up claims until they have been pursued fully through the state courts. See, e.g., Adelson v. DiPaola, 131 F.3rd 259, 261-62 (1st Cir. 1997); Mele v. Fitchburg District Court, 850

F.2d 817, 819 (1st Cir. 1988); Dougan v. Ponte, 727 F.2d 199, 202 (1st Cir. 1984).  In as much as the petitioner's appeal is now lodged with the Appeals Court, there is no reason to believe that the ordinary course of Massachusetts appellate process will unduly delay the final resolution of his claims by the state courts.

The Respondent's Motion to Dismiss this petition is accordingly GRANTED.

/s/ Douglas P. Woodlock

_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

2

```
          UNITED STATES DISTRICT COURT
            DISTRICT OF MASSACHUSETTS
```

MICHAEL E. ELLER,
    Petitioner,

    V.                      CIVIL ACTION NO. 05-10740-DPW

LUIS SPENCER, SUPERINTENDENT,
    Respondent

### ORDER OF DISMISSAL

WOODLOCK, District Judge

    In accordance with this Court's Memorandum and Order entered June 1, 2005, granting the Respondent's Motion to Dismiss the Petition for Habeas Corpus relief under 28 U.S.C. §2254, for the reasons stated therein, it is hereby ORDERED that the above-entitled action be, and it hereby is, DISMISSED.

                                              BY THE COURT,

                                              /s/ Michelle Rynne
                                              Deputy Clerk

DATED: June 1, 2005